J-S08023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CALEB C. GUERRIER | : | |
| | : | |
| Appellant | : | No. 761 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 26, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000909-2016

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: APRIL 12, 2022**

Appellant Caleb C. Guerrier appeals from the judgment of sentence imposed after he pled *nolo contendere* to robbery.  Appellant's counsel (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[1] brief. For the reasons stated herein, we deny Counsel's petition to withdraw and direct Counsel to submit an amended ***Anders***/***Santiago*** brief or an advocate's brief.

Briefly, Appellant was charged with robbery and related offenses[2] following a November 2015 incident at a hotel in Wilkes-Barre.  **See** Criminal Compl., 12/7/15, at 6-7.  On April 6, 2021, Appellant entered a *nolo contendere* plea to robbery.  Plea Agreement, 4/6/21.  In exchange, the

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa. C.S. § 3701(a)(1)(iv).

Commonwealth agreed to withdraw the remaining charges and recommend a sentence concurrent to Appellant's existing federal sentence. *Id.* The trial court subsequently sentenced Appellant to fifteen to thirty months' incarceration, to run concurrent to any other sentences Appellant was already serving. N.T. Sentencing Hearing, 4/26/21, at 7-8.

Appellant filed a timely post-sentence motion requesting reconsideration and modification of his sentence, which the trial court denied. Appellant filed a timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

In the *Anders*/*Santiago* brief, Counsel identifies the following issue:

> Whether the trial court abused its discretion in failing to consider the Appellant's rehabilitative needs; length of incarceration; need for medical treatment; and his remorse.

*Anders*/*Santiago* Brief at 1.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional

arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the

- 3 -

***Anders***/***Santiago*** brief.[3]  ***See Goodwin***, 928 A.2d at 290.  Moreover, Counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***.  Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. ***See Santiago***, 978 A.2d at 361.  Accordingly, we conclude that Counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issues raised in Counsel's ***Anders***/***Santiago*** brief.

In the ***Anders***/***Santiago*** brief, Counsel identifies Appellant's challenge to the discretionary aspects of his sentence.  ***Anders***/***Santiago*** Brief at 6. Specifically, Appellant claims that the sentencing court "abused its discretion in failing to consider his rehabilitative needs, the length of incarceration he had undergone since his arrest[,] his need for medical treatment, and his remorse." ***Id.*** at 7.

Initially, we note that "[i]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa. Super. 2002) (citations omitted).  "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).  It is well settled that a defendant "who

---

[3] Appellant did not file a response to Counsel's petition to withdraw.

pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted). "However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence." ***Commonwealth v. Guth***, 735 A.2d 709, 711 n.3 (Pa. Super. 1999) (citation omitted).

Here, Appellant's *nolo contendere* plea did not contain any bargain for a specific sentence, only an agreement that the Commonwealth would recommend that trial court should impose a sentence concurrent to Appellant's federal sentence. ***See*** Plea Agreement, 4/6/21. Therefore, Appellant is not precluded from challenging the discretionary aspects of his sentence on appeal. ***See Guth***, 735 A.2d at 711 n.3.

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered).

Here, Appellant filed a timely notice of appeal and preserved his sentencing issue in both a post-sentence motion and Pa.R.A.P. 1925(b) statement. Further, Counsel has included a Pa.R.A.P. 2119(f) statement in the *Anders*/*Santiago* brief. *See Proctor*, 156 A.3d at 273. Therefore, we must determine whether Appellant's claim raises a substantial question for review.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

This Court has held that a claim that a trial court "failed to give adequate weight to mitigating factors does not present a substantial question appropriate for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013); *see also Commonwealth v. Donning*, 990 A.2d 788, 794 (Pa Super. 2010). However, this Court has explained that "a claim that the trial court failed to consider relevant sentencing criteria, including . . . the rehabilitative needs of [the a]ppellant, as 42 Pa.C.S. § 9721(b) requires, presents a substantial question for our review." *Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (citation omitted and formatting altered).

Here, Counsel's Rule 2119(f) statement identifies Appellant's claim that the "trial court abused its discretion and violated the sentencing code in failing to consider the Appellant's rehabilitative needs; length of incarceration; Appellant's need for medical treatment; and Appellant's remorse." ***Anders*/*Santiago*** Brief at 3. However, Counsel ultimately concludes that Appellant's claim is frivolous because it does not present a substantial question for our review. ***Id.*** at 7-8 (citing ***Disalvo***, 70 A.3d 900; ***Donning***, 990 A.2d 788).

Instantly, following our review of the record, we conclude that Appellant's sentencing claim raises a substantial question for our review because this Court has held that a claim alleging the trial court's failure to consider the rehabilitative needs of the defendant, which is one of the Section 9721(b) sentencing factors, raises a substantial question. ***Compare Derrickson***, 242 A.3d at 680 ***with Disalvo***, 70 A.3d at 903. However, because Counsel did not address the underlying merits of Appellant's sentencing claim, we are unable to determine whether Appellant's appeal is wholly frivolous. Therefore, we must deny Counsel's petition to withdraw and remand this case for further proceedings. ***See Santiago***, 978 A.2d at 358 (stating that "only [complete frivolity] supports counsel's request to withdraw and a court's order granting the request" (citation omitted)).

On remand, Counsel shall have thirty days to file a new petition to withdraw and an amended ***Anders*/*Santiago*** brief addressing the merits of Appellant's discretionary sentencing claim, or to file an advocate's brief on

Appellant's behalf.  The Commonwealth shall have thirty days thereafter to file a response.

Petition to withdraw denied.  Case remanded with instructions.  Panel jurisdiction retained.